Clifford S. Davidson, OSB No. 125378
cdavidson@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for oVio Technologies, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RAY KLEIN, INC.,<br>dba Professional Credit Service,<br><br>    Plaintiff,<br><br>    v.<br><br>OVIO TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 3:19-cv-02090-HZ<br><br>oVio Technologies, Inc.'s<br><br>ANSWER |

Defendant oVio Technologies, Inc. hereby answers the complaint of Ray Klein, Inc. as follows:

### Parties

1. Defendant admits paragraph 1 of the complaint based on public records.

2. Admitted.

### Jurisdiction and Venue

3. Defendant denies that it owes plaintiff over $75,000 but otherwise admits the

Page 1 – ANSWER

allegations of paragraph 3 of the complaint.

4.    Defendant admits that it did business with STG but denies that it entered into a contract. Nevertheless, defendant does not contest venue.

5.    Admitted that STG's failure to perform adequately occurred at its headquarters in Beaverton, Oregon.

## Factual Allegations

6.    Defendant admits that its relationship with STG lasted from approximately March 2017 to December 2017. Defendant denies that all projects originated through formal proposals but admits that some did. The Common Stock Subscription Agreement speaks for itself. Except as expressly admitted herein, defendant denies the allegations of paragraph 6 of the complaint.

## First Claim for Relief

7.    Defendant realleges its responses to paragraphs 1 through 6 as though set forth here in full.

8.    Defendant lacks information or belief sufficient to admit the allegations of paragraph 8 of the complaint, and therefore denies them.

9.    Defendant admits that, throughout 2017, it requested that STG perform certain work on defendant's behalf. Defendant otherwise denies the allegations of paragraph 9 of the complaint.

10.    Defendant admits that it requested services from STG. Defendant admits that STG performed work at defendant's request. Except as expressly admitted, defendant denies the allegations of paragraph 10.

11.    Defendant admits that STG sent it invoices on a monthly basis. Except as expressly admitted, defendant denies the allegations of paragraph 11.

12.    Denied.

13.    Defendant admits that STG has demanded payment, and further avers that STG caused others to make threatening phone calls to defendant's principal and employees to attempt

Page 2 – ANSWER

to collect amounts that STG purportedly owes. Defendant admits that STG claims it is owed more than the over $70,000 in cash, plus approximately $3,600 worth of defendant's stock, that defendant has already paid STG. Except as expressly admitted, defendant denies the allegations of paragraph 13 of the complaint.

14. Denied.

15. Paragraph 15 states a legal conclusion. No response is required.

16. Denied.

17. Defendant admits that plaintiff demanded payment in writing over 20 days before filing the complaint. Except as expressly admitted, defendant denies the allegations of paragraph 17 of the complaint.

## Second Claim for Relief

18. Defendant realleges its responses to paragraphs 1 through 6 as though set forth here in full.

19. Defendant admits that it requested that STG perform work on defendant's behalf. Except as expressly admitted, defendant denies the allegations of paragraph 19 of the complaint.

20. Denied.

## Third Claim for Relief

21. Defendant realleges its responses to paragraphs 1 through 6 as though set forth here in full.

22. Denied, and further alleged that defendant has paid to STG more than $70,000 in cash, plus approximately $3,600 worth of defendant's stock.

23. Denied.

24. Defendant admits that STG has demanded payment. Except as expressly admitted, defendant denies the allegations of paragraph 24 of the complaint.

## Affirmative defenses

1. Defendant incurred expenses of approximately $71,454 to repair and complete

Page 3 – ANSWER

STG's work. Defendant also lost business due to STG's shoddy work. For example, defendant lost an $800,000 client, who had committed to purchasing eight robot units, when that client learned of the faulty software. Defendant is entitled to recoup these amounts, which lower plaintiff's recoverable damages to $0.

2. Defendant is entitled to a setoff in the amount of lost business and damage to goodwill due to STG's shoddy work. For example, defendant lost the business of an $800,000 client, who had committed to purchasing eight imaging robot units, when that client saw the defective software.

3. STG initially attempted to collect this debt through the use of persons posing as debt collectors (not plaintiff). Those persons threatened and harassed defendant's principal and at least one employee. Any or all recovery in this action is barred by the doctrine of unclean hands.

WHEREFORE, having answered the complaint and asserted the foregoing affirmative defenses, defendant prays for judgment as follows against plaintiff:

A. That plaintiff take nothing by its complaint;

B. That defendant is entitled to a setoff against defendant in an amount according to proof at trial, as further alleged in the concurrently-filed third-party complaint;

C. That defendant is entitled to costs; and

D. Such further relief as the Court deems equitable and just.

Dated this 21st day of February, 2020.

SUSSMAN SHANK LLP

By /s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
(503) 227-1111
Attorneys for Defendant oVio Technologies, Inc.

Page 4 – ANSWER